

# THE ATTORNEY GENERAL
## OF TEXAS

Gerald C. Mann

AUSTIN 11, TEXAS

XXXXXXXXXXXXXXXXD
ATTORNEY GENERAL

Hon. O. Kennedy
County Attorney
Bee County
Beeville, Texas

Opinion No. O-1658
Re: Sufficiency of petition re-
    questing local option elec-
    tion.

Dear Sir:

This will acknowledge receipt of your letter of
November 6, 1939, in which you seek the opinion of this
Department on the question of whether or not a proposed
local option petition, a copy of which is attached to your
letter, is sufficient.

You advise that Bee County is "wet" and that the
sale of all liquors, including beer and wine, is now legal
and that an election is to be held to determine whether
such county is to remain "wet".

You further advise that the "dry forces in this
county want to present to the commissioners' court a peti-
tion to order a county-wide election to submit to the vot-
ers the question of whether or not the sale of all liquors
should be prohibited." We assume that such proposal con-
templates the inclusion of beer, and it is upon this assump-
tion that this opinion is based.

A review of the definitions of "alcoholic bever-
age" and "liquor" contained in the Texas Liquor Control Act
reveals the necessity of limiting the opinion to the assump-
tion just made.

"Alcoholic beverage" as defined by the Act "shall
mean alcohol and any beverage containing more than one-half
of one per cent of alcohol by volume which is capable of
use for beverage purposes, either alone or when diluted."

"Liquor" as defined by the Act, "shall mean any
alcoholic beverage containing alcohol in excess of four per
centum by weight, unless otherwise indicated. Proof that
an alcoholic beverage is alcohol, spirits of wine, whiskey,
liquor, wine brandy, gin, tequilla, mescal, habernero or
barreteago, shall be prima facie evidence that the same is
liquor as herein defined."

Thus, it is clearly seen that alcoholic beverage includes liquor, beer, wine and all other alcoholic drinks containing alcohol of more than one-half of one per cent by volume.

The proposed petition reads:

"LOCAL OPTION ELECTION PETITION

"TO THE HONORABLE COMMISSIONERS' COURT OF BEE COUNTY, TEXAS:

"We, the undersigned, constituting at least ten per cent (10%) of the qualified voters of Bee County, Texas, according to the vote for Governor of the State of Texas in the general election next preceding this petition, respectfully petition your honorable body to order an election in Bee County, Texas, at which election there shall be submitted to following question:

"'For prohibiting the sale of all alcoholic liquors.'

"'Against prohibiting the sale of all alcoholic liquors.'

Respectfully submitted,"

A close examination of the Texas Liquor Control Act does not reveal a form to be used for the petition to the commissioners' court.

Section 32 of such Act provides in part:

"The Commissioners Court of each county in the State upon its own motion may order an election to be held by the qualified voters in said county, to determine whether or not the sale of liquors shall be prohibited or legalized in such county, and such Court shall order a local option election whenever petitioned to do so by as many as ten (10) per cent of the qualified voters of said county, or of any justice precinct, city or town, taking the votes for Governor at the last preceding general election as the basis for determining the qualified voters in any such county, or political subdivision...."

Section 40 of the Act provides that the commissioners' court may, as provided in Section 32, supra, order an election for the purpose of determining whether alcoholic beverages of various types may be legalized or prohibited. The second provision of Section 40 of the Act reads:

"In areas where the sale of all alcoholic beverages has been legalized one or more of the following issues shall be submitted in any prohibitory election:"

Under such provision there appear several propositions that may be submitted, among which is sub-section (f) and reads:

"'For prohibiting the sale of all alcoholic beverages' and 'Against prohibiting the sale of all alcoholic beverages.'"

Looking to the form of petition presented as hereinabove quoted, we believe the same to contain the requisites pointed out in Section 32, supra, with exception that the word "an" appearing in line 5 of the body of the petition should be changed to "a" and followed by "local option", so as to hereafter read "... respectfully petition your honorable body to order a local option election...." We likewise believe the propositions to be submitted, bearing in mind the assumption upon which this opinion is based, should read:

"For prohibiting the sale of all alcoholic beverages" and "Against prohibiting the sale of all alcoholic beverages."

Trusting that we have satisfactorily answered your inquiry, we are

APPROVED NOV 17, 1939
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED: OPINION COMMITTEE
BY:      BWB, CHAIRMAN

LA:AW:wb

Very truly yours
ATTORNEY GENERAL OF TEXAS
BY /s/ Lloyd Armstrong
Lloyd Armstrong, Assistant